This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON PASS-THROUGH CERTIFICATES SERIES FHAMS 2006-AA6, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT,**

Plaintiff-Appellee,

v.

**No. 33,208**

**FLORIANA VENETICO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Calvin & Ingram, P.A.
Stephen D. Ingram
Albuquerque, NM

for Appellee

Richard S. Mackenzie
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     This is a mortgage foreclosure action in which Defendant, Floriana Venetico (Homeowner), appeals from the district court order granting summary judgment in favor of Plaintiff. Homeowner argues for the first time on appeal that Plaintiff lacked standing to bring the foreclosure suit. We conclude that Homeowner may raise the issue for the first time on appeal and reverse.

**I.     BACKGROUND**

{2}     Homeowner obtained a mortgage loan on May 20, 2005.  The promissory note is made payable to First Horizon Home Loan Corporation (the Loan Corporation), and the mortgage securing the note is in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the Loan Corporation. Alleging that Homeowner defaulted on the promissory note and failed to cure the default after being given notice to do so, Plaintiff filed this mortgage foreclosure action. Plaintiff is First Horizon Home Loans (Plaintiff or First Horizon).

{3}     First Horizon filed a motion for summary judgment, which the district court granted, and Homeowner appeals. Because this is a memorandum opinion and the

parties are familiar with the facts and procedural history of the case, we only discuss additional facts as are necessary to our disposition of the case.

## II. DISCUSSION

## A. Preservation of Standing Issue

{4}     Homeowner argues on appeal that the summary judgment must be reversed because First Horizon lacked standing. Because this argument was not made to the district court, First Horizon argues that the issue was waived. We therefore proceed to determine whether standing in a mortgage foreclosure case is an issue that can be raised for the first time on appeal.

{5}     In *Bank of New York v. Romero*, 2014-NMSC-007, ¶ 14, 320 P.3d 1, the argument was advanced that the defendants waived their challenge to the bank's standing to bring its foreclosure action. Our Supreme Court responded, "We have recognized that the lack of standing is a potential jurisdictional defect which may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court." *Id.* ¶ 15 (alteration, internal quotation marks, and citation omitted).

{6}     Based on the foregoing language in *Romero*, we have stated in three different cases that standing is a jurisdictional prerequisite to bringing a foreclosure action. *See Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 13, 356 P.3d 1102; *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 7, 336 P.3d 443; *Deutsche Bank Nat'l Trust Co.*

*v. Beneficial N.M. Inc.*, 2014-NMCA- 090, ¶ 8, 335 P.3d 217. We have also repeated that a jurisdictional prerequisite, such as standing " 'may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court.' " *Licha*, 2015-NMCA-086, ¶ 13 (quoting *Romero*, 2014-NMSC-007, ¶ 15).

{7}     In accordance with the foregoing authorities, we address Homeowner's argument, raised for the first time on appeal, that First Horizon failed to establish it had standing to bring the action and conclude that summary judgment must therefore be reversed.

**B.     Standard of Review**

{8}     "We review a district court's order granting summary judgment de novo." *Licha*, 2015-NMCA-086, ¶ 12. Summary judgment is proper when "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Lopes*, 2014-NMCA-097, ¶ 6 (internal quotation marks and citation omitted). The movant for summary judgment must "establish that no genuine issue of material fact exists for trial and that the movant is entitled to judgment as a matter of law." *Licha*, 2015-NMCA-086, ¶ 12 (internal quotation marks and citation omitted).

**C.     Standing**

{9}     A plaintiff must demonstrate that it had standing at the time it filed the complaint. *Romero*, 2014-NMSC-007, ¶ 17. To establish standing for a foreclosure

case, a plaintiff needs to show that it has the right to enforce the note and the mortgage lien upon the debtor's property at the time the complaint was filed. *Lopes*, 2014-NMCA-097, ¶ 8.

{10} "To establish the right to enforce [the h]omeowner's note under the [Uniform Commercial Code], the [b]ank was required to prove that at the time suit was filed, it was: '(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument.' " *Id.* ¶ 9 (quoting NMSA 1978, § 55-3-301 (1992)). A "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" NMSA 1978, § 55-1-201(b)(21)(A) (2005).

{11} The note in this case is made payable to the Loan Corporation. However, the complaint was not filed by the Loan Corporation; it was filed by First Horizon. First Horizon nevertheless contends that it has standing to enforce the note as the holder of the note because 'a person entitled to enforce a note as a holder of the instrument includes a person in possession of the instrument payable to that person.'" To support this contention, First Horizon relies exclusively on an assertion that it is the "successor-by-merger" to the Loan Corporation and as such, the payee, and therefore holder because in a merger the surviving corporation automatically succeeds to the

4

rights of the merged corporations to enforce their contract rights. *See Romero*, 2014-NMSC-007, ¶ 21 ("The payee is always a holder if the payee has possession." (internal quotation marks and citation omitted)). The record, however, is void of any evidence of a merger. First Horizon's sole support offered to show merger are unpublished foreign opinions containing footnoted merger information involving these entities. In effect, First Horizon asks us to take judicial notice of these facts on appeal. We decline to do so. *See State v. Torres*, 1999-NMSC-010, ¶ 41, 127 N.M. 20, 976 P.2d 20 ("The matter of which a court will take judicial notice must be a subject of common and general knowledge. The matter must be known, that is well established and authoritatively settled." (internal quotation marks and citation omitted)).

**{12}** First Horizon had the burden to establish, that at the time the complaint was filed, it had a right to enforce the promissory note. The citation to unpublished cases fails to do so. *See Romero*, 2014-NMSC-007, ¶ 17 ("If the entity was a successor in interest to a party on the contract, it was incumbent upon it to prove this to the court." (alterations, internal quotation marks, and citation omitted)). Further, First Horizon asserts that the caption demonstrates the merger and it did not need to provide a corporate history to prove standing. Yet, it does not cite any authority as to whether

the caption alone proves a fact or whether such a caption can even be considered evidence at all.

{13}     First Horizon did not produce admissible evidence to create even a prima facie case that it was a holder of the note when suit was filed. It's evidence through affidavit that it possessed the original of the note was insufficient for a case of standing, given the lack of evidence that it possessed the note through merger. Accordingly, First Horizon lacks standing to enforce the note. It is therefore not necessary to address whether First Horizon demonstrated that at the time the complaint was filed it also had standing to enforce the mortgage.

**III.    CONCLUSION**

{14}     For the foregoing reasons, we reverse the district court order granting Plaintiff summary judgment and remand to the district court for further proceedings consistent with this Opinion.

{15}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

6

_____
**LINDA M. VANZI, Judge**